## Case No. 1,662.

### BORNIO v. STOCKDALE.

### [13 Int. Rev. Rec. 20.]

District Court, D. Louisiana. Jan. 10, 1871.

INJUNCTION — DISTRESS TO COLLECT PENALTY FOR NONPAYMENT OF TAX ON LOTTERY BUSINESS.

[The penalty provided for selling lottery tickets without having paid the special tax (Act June 30, 1864, amended July 13, 1866) is in no sense a tax, and a proceeding to collect the same by distress may be enjoined.]

In equity. This was a bill filed by D. Bornio against Stockdale, collector, etc., for an injunction to restrain the collector from proceeding by distress to collect a tax of $150, assessed against the petitioner as lottery ticket dealer; also to restrain him from attempting in like manner to collect a fine or penalty which the United States assessor had assumed to assess against petitioner, in the sum of $1,000, for failure to pay special tax as such dealer. [Injunction granted.]

By a provision of the internal revenue law [Act June 30, 1864 (13 Stat. 279), amended July 13, 1866 (14 Stat. 116)], he who sells lottery tickets without having paid the special tax, is subject to a penalty of $1,000, and imprisonment not exceeding one year, in the discretion of the court. That law, it would seem, in hundreds of instances, imposes penalties and imprisonment for violation of its enactments; but in this instance only does it convert the assessor into both a court and jury, authorizing him in the absence of the accused, and without his knowledge, even to pass upon the question of his guilt or innocence, find him guilty, and on such finding

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

assess the penalty of $1,000, to be collected as though it were a tax. On the hearing, counsel for the petitioner argued, with much force, that this extraordinary feature of the law was in violation of several provisions of the federal constitution, and therefore void. They insisted that congress could no more make the assessor a court to impose such a penalty as this than it could to determine and order the imprisonment, also prescribed by the statute. Quite a number of provisions of the constitution were quoted as protecting the citizen against any such secret and summary proceedings.

The cause was originally brought in a state court, and removed to the United States circuit court at the instance of the collector. After its removal to the latter court, Messrs. Case & Rouse, then first employed for the petitioner, advised him to pay the tax under protest, and contest only the penalty in this proceeding; which was done.

Beckwith, U. S. Dist. Atty., for the collector.

Case & Rouse, for Mr. Bornio.

DURELL, District Judge, in delivering his opinion, mentioned the remarkable provision of the law above noticed, but did not deem it necessary to pass upon the constitutional questions raised, inasmuch as the injunction could be granted on another point made by the counsel for petitioner, viz., that this penalty could not in any sense be called a tax, and therefore the law which prescribes that "no suit to restrain the collection of a tax shall be maintained in any court" did not apply to such a suit as this. His honor therefore granted the injunction as prayed.